Vermont Superior Court
Filed 04/05/24
Orleans Unit

VERMONT SUPERIOR COURT

Orleans Unit
247 Main Street
Newport VT 05855
802-334-3305
www.vermontjudiciary.org



CIVIL DIVISION

Case No. 23-CV-03456

---

**Eric Mossey v. Nicholas Deml**

---

## ENTRY REGARDING MOTION

Title:         Motion to Dismiss Rule 74 Appeal (Motion: 2)
Filer:         Robert C. Menzel
Filed Date:    December 29, 2023

The motion is GRANTED.

Respondent seeks to dismiss the present Rule 74 appeal on the narrow technical question of whether 28 V.S.A. § 724 is broad enough to cover appeals for furlough revocation resulting from a pre-approved furlough granted under 28 V.S.A. § 808a, instead of community supervised furlough granted under 28 V.S.A. § 723.

Respondent's question is a subject-matter jurisdictional question. While Petitioner objects to the late filing (made 4 and a half months after the original appeal was filed), the Court may address a subject-matter jurisdictional question at any time during the case, and the issue is never waived. *Glidden v. Elkins*, 2 Tyl. 787, at 787 n.1 (1802) ("Whenever the Court discover that their jurisdiction of a cause has been expressly taken away by statute, they will dismiss the same peremptorily.").

While Petitioner makes a compelling policy case, the Court is obligated to implement the legislative intent of the statute, which begins by looking at the plain language of the statute. *State v. Beard*, 2019 VT 65, ¶ 12. In this case, 28 V.S.A. § 724(c)(1), which defines the scope of the appeal states that "An offender whose **community supervision furlough status** is revoked or interrupted for 90 days or longer for a technical violation shall have the right to appeal the Department's determination . . . in accordance with Rule 74 . . . ." (emphasis added.) The prior statutory section, 28 V.S.A. § 723, defines community supervision furlough and the elements. While pre-approved furlough under 28 V.S.A. § 808a shares similar features, it is not the same program, and the plain

language of Section 724 limits appeal rights to only those who have their Section 723 furlough revoked.

In particular, the Court notes that furlough under Section 808a is much more limited than the community supervision furlough under Section 723. Section 808a furlough is tied to treatment and programing. It begins earlier in an inmate's sentence and carries the imprimatur of court review at the outset. In contrast Section 723 furlough only begins after the inmate has served their minimum sentence and does not carry initial court review. It also does not necessarily include a programing or treatment element. While this is not to nullify Petitioner's arguments, it is to note that the two programs have certain, substantial differences that can support the distinction that the Legislature has made in limiting Rule 74 review to one type and not the other.

## ORDER

Based on the foregoing, the Court finds as a matter of law that Rule 74 appellate review of the revocation of furlough under 28 V.S.A. § 724 is limited to only to revocations of community supervised furlough under 28 V.S.A. § 723. It does not extend to the revocation of other types of furlough including pre-approved furlough under 28 V.S.A. § 808a. Such furlough revocations are outside the statute, and based on this lack of subject matter jurisdiction, the Court concludes that the Court lacks subject matter jurisdiction over the present appeal under Rule 74. V.R.C.P. 12(b)(1). Respondent's Motion to Dismiss is **Granted** and the present matter is **Dismissed.**

Electronically signed on 4/5/2024 1:27 AM pursuant to V.R.E.F. 9(d)

_____
Daniel Richardson
Superior Court Judge